IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ZACHARY PERKINS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-1437-L** |
| | § | |
| **S&R GOLD & SILVER EXCHANGE, LLC,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Set Aside Entry of Default ("Motion") (Doc. 9), filed August 5, 2021. After considering the Motion, briefs, evidence the record, and applicable law, the court **grants** the Motion (Doc. 9) and **sets aside** the clerk's entry of default against Defendant (Doc. 8).

Defendant requests that the court set aside the clerk's entry of default against it on the grounds that Plaintiff failed to properly serve it with a copy of the Complaint and summons under Federal Rule of Civil Procedure 4, and, as a result, the court lacks personal jurisdiction over it. Plaintiff responds that Defendant was properly served in accordance with Ruel 4 and Texas law. For the reasons that follow, the court is not convinced that Defendant was served in accordance with Rule 4.

A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000) (citation omitted). In determining whether good cause exists to set aside a default, courts consider "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346

F.3d 552, 563 (5th Cir. 2003) (citing *Lacy*, 227 F.3d at 292). Courts may also consider other factors, such as whether the defaulting party "acted expeditiously to cure the default." *Lacy*, 227 F.3d at 292 (citation omitted). Service of process is essential to the court obtaining personal jurisdiction over Defendant. It is also a prerequisite to entry of any valid default judgment. *See Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 412 (5th Cir. 1998). "When service of process is challenged, the party (responsible for process) bears the burden of proving its validity." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Unless federal law provides otherwise or the defendant has filed a waiver, a corporation, partnership, or unincorporated association in the United States must be served:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed R. Civ. P. 4(h)(1).

Plaintiff asserts that he served Defendant via certified mail in accordance with Texas law and Texas Rule of Civil Procedure 106(a)(2). Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." This court is located in Texas. Texas law provides that "[f]or the purpose of service of process, notice, or demand . . . each manager of a manager-managed domestic or foreign limited liability company and each member of a member-managed domestic or foreign limited liability company is an agent of that limited liability company." Tex. Bus. Orgs. Code Ann. § 5.255.

Texas law requires "strict compliance with the rules for service of process." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Texas courts do "not indulge in any presumptions in favor of valid issuance, service, or return of citation." *Allodial Ltd. P'ship v. Susan Barilich, P.C.*, 184 S.W.3d 405, 408 (Tex. App.—Dallas 2006, no pet.) (citing *Primate*, 884 S.W.2d at 152). Thus, "[i]f service of process [is] not executed in strict compliance with Texas state law" by the plaintiff in a federal action, "the court cannot acquire proper jurisdiction over [the] defendant." *Taylor v. Alex. Brown & Sons Inc.*, No. 3:02-CV-0818-P, 2002 WL 31245369, at *3 (N.D. Tex. Oct. 2, 2002) (citing *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973)).

Pursuant to Texas Rule of Civil Procedure 106, service must be accomplished by in-person service or mail as follows unless the citation or a court order directs otherwise: "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Rule 103 provides that "[s]ervice by registered or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending." Tex. R. Civ. P. 103. Service by registered or certified mail by an attorney, rather than the clerk, is insufficient to satisfy Rule 103 and 106. *Potter v. Giron*, 01-99-00719-CV, 2000 WL 553208, at *3 (Tex. App.—Houston [1st Dist.] May 4, 2000, no pet.) ("Appellant's attorney . . . sent appellee something by certified mail on March 12, 1997, and presented the green card to the court as proof of service. This was in violation of Rules 106 and 103, which provide for service by certified mail, but only if requested and sent by the clerk's office. Tex. R. Civ. P. 106 and 103.").

**Memorandum Opinion and Order – Page 3**

Here, Defendant did not delay in moving to set aside the clerk's entry of judgment less than one week after it was entered. Regardless, it is undisputed that Plaintiff's attorney served Defendant via certified mail. Service by registered or certified mail by an attorney, however, is insufficient to satisfy Rule 103 and 106. *Potter v. Giron*, 2000 WL 553208, at *3.

Thus, in responding to Defendant's challenge to the validity of service of process, Plaintiff has not met his burden of establishing that Defendant was properly served in accordance with Rule 4 and Texas law. *See Systems Signs Supplies*, 903 F.2d at 1013. Absent valid service of process, the court lacks personal jurisdiction over Defendant and entry of default or default judgment against it is not appropriate. *See Leedo Cabinetry*, 157 F.3d at 412.

Accordingly, the court **grants** the Motion (Doc. 9) and **sets aside** the clerk's entry of default against Defendant (Doc. 8). Further, Plaintiff is directed to effect service on Defendant in accordance with Federal Rule of Civil Procedure 4 by **March 25, 2022**, or show good cause in writing for his inability to do so. *Failure to comply with this order will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m).*

**It is so ordered** this 4th day of March, 2022.

Sam A. Lindsay
United States District Judge